1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  | DEAREL F. GIBSON,                                  CASE NO. 1:11-cv-01188-BAM PC

10 |              Plaintiff,                           ORDER DISMISSING CERTAIN CLAIMS

11 |      v.                                           (ECF No. 12)

12 | S. SEDWICK,

13 |              Defendant.

14 |  _____ /

15 | **I.      Screening Requirement**

16        Plaintiff Dearel F. Gibson ("Plaintiff") is a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 8, 2012, Plaintiff's

18  complaint was dismissed, with leave to amend, for failure to state a claim.  (ECF No. 9.)  Currently

19  before the Court is Plaintiff's first amended complaint, filed October 5, 2012.  (ECF No. 12.)

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

25         A complaint must contain "a short and plain statement of the claim showing that the pleader

26  is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

27  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

28  do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell

1

1  Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

2       Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

3  liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

4  higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

5  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to

6  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

7  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969

8  (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and

9  "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility

10  standard.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

11       Further, under section 1983, Plaintiff must demonstrate that each defendant personally

12  participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

13  Although a court must accept as true all factual allegations contained in a complaint, a court need

14  not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

15  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

16  do not suffice."  Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

17  **II.**    **Complaint Allegations**

18       Plaintiff brings this action against Defendant Sedwick alleging that on September 20, 2010,

19  she searched his cell and threw his property on the ground.  When Plaintiff returned to his cell the

20  property was wet and ruined.  (First Am. Compl. 9,[1] ECF No. 12.)  The day prior, Defendant

21  Sedwick told Plaintiff to show her his identification card and a verbal confrontation ensued.  Plaintiff

22  claims that Defendant Sedwick is subjecting him to unnecessary retaliatory searches.  Plaintiff

23  complains that his cell is being searched by Defendant Sedwick at least twice a week.  (Id. at 10.)

24  Plaintiff contends that he has witnessed Defendant Sedwick target the cells of black inmates because

25  she does not like them.  (Id. at 12-13.)  Plaintiff went to complain about Defendant Sedwick and the

26

27      [1]All references to pagination of specific documents pertain to those as indicated on the upper right corners

28  via the CM/ECF electronic court docketing system.

1  sergeant placed him in a holding cell for two hours to allow him to calm down.  Plaintiff states he

2  never got angry or lost his composure over his personal property being thrown on the ground.  (Id.

3  at 13.) Prior to the September 20, 2010, search, Defendant Sedwick and another officer had searched

4  his cell and confiscated his orthopedic shoes which were prescribed for his bad feet.  Plaintiff was

5  informed by the correctional officers that he was not allowed to possess all black shoes, but other

6  inmates on the C-Yard possess all black shoes.  (Id. at 14.)

7      Plaintiff filled out an inmate request for interview form regarding the conduct of Defendant

8  Sedwick and has never received a response.  (Id. at 13.)  Plaintiff states that he mailed his Director's

9  Level Appeal on January 18, 2011, and has not received a response back.  (Id. at 14.)  After Plaintiff

10  received his appeal back from the Director's Level, Defendant Sedwick wrote two frivolous rule

11  violations against Plaintiff within 180 days.  (Id. at 15.)  On September 23, 2011, Defendant Sedwick

12  searched Plaintiff's cell and took his hot pot without leaving a cell search receipt slip.  (Id. at 16.)

13      Plaintiff brings this action solely against Defendant Segwick alleging violations of his right

14  to freedom of speech, freedom of association, freedom of religion, and retaliation under the First

15  Amendment; due process and equal protection under the Fourteenth Amendment; freedom from

16  unreasonable searches under the Fourth Amendment; and cruel and unusual punishment under the

17  Eighth Amendment.  (Id. at 10.)  Plaintiff is seeking a declaration that his rights have been violated,

18  injunctive relief and damages.  (Id. at 19.)

19  **III.    Discussion**

20      **A.    First Amendment**

21      Plaintiff's complaint is devoid of any factual allegations to support his claim that his right

22  to freedom of speech, freedom of religion, or freedom of association have been infringed upon by

23  the conduct of Defendant Sedwick.[2]

24      A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

25  under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  A viable claim of

26

27      [2]Assuming without deciding that Plaintiff could state a First Amendment claim due to the sergeant placing

28  him in a holding cell after he complained about Defendant Sedwick's conduct, Plaintiff has not linked Defendant
    Sedwick to his being placed in the holding cell.

1   retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a

2   state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected

3   conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

4   (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408

5   F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012);

6   Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

7          Plaintiff alleges that Defendant Sedwick searched his cell and damaged his property on

8   September 20, 2010, because she does not like him.  A retaliation claim under the First Amendment

9   requires that the adverse action be because of an inmate's exercise of his First Amendment rights.

10  Plaintiff states that the day prior he got into verbal altercation with Defendant Sedwick when she

11  told him to show her his identification card.  Courts have found that verbal challenges or ranting at

12  correctional staff are not within an inmate's First Amendment rights.  Johnson v. Carroll, No. 2:08-

13  cv-01494 KJN P, 2012 WL 2069561, at *34 (E.D.Cal. June 7, 2012); see Hale v. Scott, 371 F.3d

14  917, 919 (7th Cir. 2004) ("Prison regulations that forbid inmates to behave insolently toward guards

15  are constitutional.").  A prisoner's verbal insubordination "is proscribed by the legitimate goal of

16  maintaining order and discipline within correctional institutions." Johnson, No. 2:08-cv-01494 KJN

17  P, 2012 WL 2069561, at *34.

18         Further, the California Department of Corrections and Rehabilitation regulations prohibit

19  such conduct.  "Inmates, parolees and employees will not openly display disrespect or contempt for

20  others in a manner intended to or reasonably likely to disrupt orderly operations within the

21  institutions or reasonably likely to disrupt orderly operations within the institutions or to incite or

22  provoke violence."  Cal. Code. Regs., tit. 15 § 3004(b).  Plaintiff has not shown that the search

23  conducted on September 20, 2010, was because of his protected conduct and fails to state a

24  cognizable retaliation claim based upon the September 20, 2010, incident.  However, Plaintiff's

25  claim that Defendant Sedwick is subjecting him to unnecessary and frequent cell searches and filed

26  two false rule violation reports after he filed an inmate grievance against her is sufficient to state a

27  retaliation claim.

28  ///

1  **B.      Fourth Amendment**

2       Prisoners, despite their conviction and confinement, do not forfeit all constitutional rights.

3  Bell v. Wolfish, 441 U.S. 520, 545, 99 S. Ct. 1861, 1877 (1979).  "Prison walls do not form a barrier

4  separating prison inmates from the protections of the Constitution."  Turner v. Safley, 482 U.S. 78,

5  84, 107 S. Ct. 2254, 2259 (1987).   Nevertheless, prisoners' constitutional rights are subject to

6  substantial limitations and restrictions in order to allow prison officials to achieve legitimate

7  correctional goals and maintain institutional security.  O'Lone v. Estate of Shabazz, 482 U.S. 342,

8  348, 107 S. Ct. 2400, 2404 (1987); Bell, 441 U.S. at 546-47, 99 S. Ct. at 1877-78.  Prisoners have

9  no expectation of privacy in their prison cells and the Fourth Amendment prohibitions against

10  unreasonable searches does not apply where prison officials conduct searches of inmate's cell.

11  Hudson v. Palmer, 468 U.S. 517, 530, 104 S. Ct. 3194, 320 (1984).  Plaintiff fails to state a

12  cognizable claim under the Fourth Amendment based upon his cell being searched by Defendant

13  Sedwick.  Further, because this claim is unable to be cured by amendment, it shall be dismissed with

14  prejudice.

15  **C.      Fourteenth Amendment**

16  **1.      Due Process**

17       While an authorized, intentional deprivation of property is actionable under the Due Process

18  Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official

19  is actionable if a meaningful postdeprivation remedy is available for the loss.  Hudson v. Palmer, 468

20  U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).

21  Plaintiff alleges that his property was damaged by Defendant Sedwick during a cell search because

22  she does not like him.  Whether the cause of the property loss or damage was intentional and

23  unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy

24  available to Plaintiff.  Hudson, 468 U.S. at 533, 104 S. Ct. at 3204.  Plaintiff has an adequate post-

25  deprivation remedy available under California law.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.

26  1994) (citing Cal. Gov't Code §§ 810-895).  Therefore, Plaintiff has failed to state a cognizable

27  claim.  The Court finds that this claim is unable to be cured by amendment and it shall be dismissed,

28  with prejudice.

1    **D.      Equal Protection**

2        The Equal Protection Clause requires that all persons who are similarly situated should be

3    treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne

4    Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254 (1985). An equal protection claim may be

5    established by showing that the defendant intentionally discriminated against the plaintiff based on

6    the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d

7    1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without

8    a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158,

9    1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000).

10        Plaintiff has not alleged that he is a member of a protected class and his allegations that

11    Defendant Sedwick treats black inmates differently than other inmates is insufficient to state a

12    cognizable equal protection claim. Plaintiff alleges that his orthopedic shoes were confiscated by

13    Defendant Sedwick because they were black, while other inmates in his housing unit were allowed

14    to possess the same black shoes. Liberally construed, Plaintiff's claim that other inmates housed in

15    his housing unit are allowed to possess the same orthopedic shoes that were confiscated by

16    Defendant Sedwick is sufficient to show that Plaintiff is being treated differently than similarly

17    situated inmates and states an equal protection claim.

18    **E.      Eighth Amendment**

19        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

20    conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452

21    U.S. 337, 347, 101 S. Ct. 2392, 2400 (1981). A prisoner's claim does not rise to the level of an

22    Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

23    civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

24    indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

25    v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official

26    liable under the Eighth Amendment for denying humane conditions of confinement within a prison,

27    the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk

28    by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S.

1   Ct. 1970, 1984 (1994).

2       The Eighth Amendment protects inmates from cell searches that are conducted solely for the

3   purpose of harassment, Hudson, 468 U.S. at 530, 104 S. Ct. at 3202, however Plaintiff must still

4   allege the unnecessary and wanton infliction of pain to state an Eighth Amendment claim, Vigliotto

5   v. Terry, 873 F.2d 1201, 1203 (9th Cir. 1989).  The protection against cruel and unusual punishment

6   is not protection of inconveniences or even discomfort.  Extreme deprivations are required to make

7   out a conditions of confinement claim, and only those deprivations denying the minimal civilized

8   measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

9   violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations

10  omitted).

11      Courts have found that frequent and retaliatory cell searches that "result in the 'violent

12  dishevelment of [the prisoner's] cell' and cause the prisoner to suffer 'fear, mental anguish, and

13  misery,' constitute an Eight Amendment violation."  Scher v. Engelke, 943 F.2d 921, 924 (8th Cir.

14  1991), cert denied, 503 U.S. 952, 112 S. Ct. 1516 (1992) (inmate's cell searched ten times in

15  nineteen days and left in disarray after three searches); see also Blanks v. Smith, 790 F.Supp. 192,

16  193-94 (E.D.Wis. 1992) (daily body cavity and cell searches for a period of two weeks); Williams

17  v. Southwoods State Prison, No. 1:07-cv-02337-JBS, 2007 WL 1752088, *3 (D.N.J. June 13, 2007)

18  (three cell searches in three days, followed by the filing of two disciplinary reports).

19      While Plaintiff makes general allegations that Defendant Sedwick searched his cell as often

20  as twice a week, he only alleges four actual cell searches.  During the summer of 2010, Plaintiff was

21  moved from cell 113 to cell 135 and his cell was searched by Defendant Sedwick and Correctional

22  Officer DeLussa.  (ECF No. 12 at 14.)  The second search of Plaintiff's cell occurred less than a

23  month later on September 20, 2010, during which Plaintiff alleges his property was thrown on the

24  ground and was ruined because it got wet.  (Id. at 9, 13.)  When Plaintiff moved from cell 135 to cell

25  239, Defendant Sedwick performed a thorough search of his cell again.  (Id. at 15.)  Finally, on

26  September 23, 2011, while Plaintiff was at dinner, Defendant Sedwick searched Plaintiff's cell and

27  removed his hot pot.  (Id. at 16.)

28      The first search of Plaintiff's cell in the summer of 2010 occurred prior to any alleged contact

1    with Defendant Sedwick and occurred after Plaintiff moved into a new cell.  The second search on

2    September 20, 2010, occurred after Plaintiff had argued with Defendant Sedwick.  However Plaintiff

3    only sets forth factual allegations of two additional searches during the next year, one which occurred

4    after Plaintiff moved into a new cell.  While it is possible that the last three searches were conducted

5    for the purpose of harassing Plaintiff, it is equally possible that the searches of Plaintiff's cell had

6    a legitimate penological purpose of maintaining the safety and security of the institution given that

7    two of the searches occurred after Plaintiff moved into a new cell and only four searches were

8    alleged for a period of over one year.  The mere possibility that Defendant Sedwick engaged in

9    misconduct is insufficient to state a plausible claim.  Iqbal, 556 U.S. at 678.  Further, Plaintiff does

10   not allege that he suffered any harm due to the searches.  Plaintiff fails to state a cognizable claim

11   for a violation of the Eighth Amendment.  Plaintiff has been granted the opportunity to amend his

12   complaint, with direction from the Court, and has failed to cure the deficiencies of his Eighth

13   Amendment claim.  The Court finds that this claim cannot be cured by amendment and it shall be

14   dismissed, with prejudice.

15           **D.      Declaratory Relief**

16           In addition to monetary damages and injunctive relief, Plaintiff seeks a declaration that his

17   rights were violated.  "A declaratory judgment, like other forms of equitable relief, should be granted

18   only as a matter of judicial discretion, exercised in the public interest."  Eccles v. Peoples Bank of

19   Lakewood Village, 333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will

20   neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the

21   proceedings and afford relief from the uncertainty and controversy faced by the parties."  United

22   States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial

23   and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's

24   constitutional rights were violated.  Accordingly, a declaration that Defendant Sedwick violated

25   Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages and

26   injunctive relief.

27   **VI.     Conclusion and Order**

28           Plaintiff's first amended complaint states a cognizable claim against Defendant Sedwick for

1   retaliation in violation of the First Amendment and violation of the Equal Protection Clause of the

2   Fourteenth Amendment, however, Plaintiff allegations fail to state any additional claims under

3   section 1983.  Plaintiff was previously notified of the deficiencies in his claims and provided with

4   the opportunity to amend, but was unable to cure the deficiencies.  Noll v. Carlson, 809 F.2d 1446,

5   1448-49 (9th Cir. 1987).  Accordingly, it is HEREBY ORDERED that:

6       1.      This action shall proceed on Plaintiff's first amended complaint, filed October 5,

7               2012, against Defendant Sedwick for retaliation in violation of the First Amendment

8               and violation of the Equal Protection Clause;

9       2.      Plaintiff's remaining First Amendment claims are dismissed for failure to state a

10              claim; and

11      3.      Plaintiff's Fourth Amendment, due process, and deliberate indifference claims are

12              dismissed, with prejudice, for failure to state a claim.

13

14      IT IS SO ORDERED.

15  **Dated:    October 12, 2012**              _____/s/ **Barbara A. McAuliffe**_____
                                                   UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28