UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAREL F. GIBSON,<br><br>          Plaintiff,<br><br>     v.<br><br>S. SEDWICK,<br><br>          Defendant. | Case No.: 1:11-cv-01188-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING (1) DEFENDANT'S REQUEST TO STRIKE PLAINTIFF'S UNAUTHORIZED SURREPLY AND (2) DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br>(ECF Nos. 22, 28)<br><br>THIRTY-DAY DEADLINE |

I.   **Procedural History**

   Plaintiff Dearel F. Gibson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on July 19, 2011.  On October 15, 2012, pursuant to 28 U.S.C. § 1915A, the Court issued an order that this action shall proceed on Plaintiff's first amended complaint against Defendant Sedwick for retaliation in violation of the First Amendment and a violation of the Equal Protection Clause of the Fourteenth Amendment.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

1   On March 11, 2013, Defendant Sedwick filed a motion to dismiss for failure to exhaust
2   administrative remedies.[1]  Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition, identified as objections,
3   on May 22, 2013.  (ECF No. 26.)  Defendant filed a reply on May 28, 2013.  (ECF No. 27.)  Plaintiff
4   filed a surreply on June 7, 2013, and Defendant Sedwick filed a motion to strike Plaintiff's surreply or,
5   in the alternative, a reply to Plaintiff's surreply.  (ECF Nos. 28, 29.)  The motions are deemed
6   submitted.  Local Rule 230(l).

**II.    Motion to Strike Plaintiff's Surreply**

On March 11, 2013, Defendant filed a motion to dismiss this action based on Plaintiff's failure to exhaust administrative remedies.  Plaintiff opposed the motion on May 22, 2013, and Defendant replied on May 28, 2013.  Plaintiff filed a reply to Defendant's reply ("surreply") on June 7, 2013.  Defendant filed his motion to strike Plaintiff's surreply on June 14, 2013, arguing that the surreply is not authorized by the Federal Rules of Civil Procedure or the Local Rules of this Court.

The Local Rules of this Court governing motions in prisoner cases do not provide for the submission of a surreply.  Local Rule 230(l).  A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).  Defendant did not raise new arguments in her reply that require additional arguments from Plaintiff and Plaintiff did not seek leave to file a surreply.  Further, the arguments in the surreply do not alter the analysis below.  Accordingly, the Court finds that Plaintiff's surreply is not authorized and should be stricken from the record.  Therefore, the Court recommends that Defendant's motion to strike be GRANTED.

**IV.    Motion to Dismiss for Failure to Exhaust Administrative Remedies**

   **A.    Legal Standard**

Defendant argues that Plaintiff failed to exhaust his administrative remedies in compliance with 42 U.S.C. § 1997e(a), subjecting the action to dismissal.  Section 1997e(a) of the Prison

---

[1] Concurrent with the motion, Defendant provided Plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.  (ECF No. 22-1.); see Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003); see also Woods v. Carey, 684 F.3d 934, 940 n.6 (9th Cir. 2012).

Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**B.     Grievance Procedure**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602 describing the problem and the action requested. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.7. Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the Director's level. See, Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

**C.     Discussion**

**1.     Relevant Allegations in Plaintiff's First Amended Complaint**

The events alleged in Plaintiff's first amended complaint, which was filed on October 5, 2012, occurred at Pleasant Valley State Prison. Plaintiff alleges as follows: On September 20, 2010,

3

1  Plaintiff left his cell and went outside for exercise.  He left his cell clean, with his property neatly
2  placed in the shelves.  When Plaintiff returned, his personal property was on the ground soaking wet.
3  Plaintiff contends that Defendant Sedwick had thrown his personal property on the floor of his cell,
4  causing everything to get wet.  (ECF No. 12, p. 9, ¶ 6.)  Plaintiff claims that Defendant Sedwick
5  subjected him to unnecessary retaliatory searches and searched his cell at least twice a week.  (Id. at
6  p.10, ¶ 7, p.11, ¶ 13.)

7        Plaintiff filled out an inmate request for interview form regarding the conduct of Defendant
8  Sedwick and never received a response.   (Id. at p. 13, ¶ 18.)  Plaintiff states that he mailed his
9  Director's Level Appeal on January 18, 2011, but did not receive a response.  (Id. at p. 14, ¶ 22.)
10  After Plaintiff received his 602 appeal back from the Director's Level, Defendant Sedwick wrote two
11  frivolous rule violations against Plaintiff within 180 days. (Id. at p. 15, ¶ 24.)  On September 23, 2011,
12  Defendant Sedwick searched Plaintiff's cell and took his hot pot without leaving a cell search receipt
13  slip. (Id. at p. 16, ¶ 26.)

14        Plaintiff further alleges that prior to September 20, 2010, Defendant Sedwick and another
15  officer searched Plaintiff's cell and took a black pair of orthopedic shoes.  Plaintiff claims that other
16  inmates are allowed to possess the same type of black shoes. (Id. at p. 14, ¶¶ 19-20.)

17        Following screening, this action is limited to (1) Plaintiff's allegations that Defendant Sedwick
18  retaliated against him in violation of the First Amendment by subjecting him to unnecessary and
19  frequent cell searches and filing two false rule violation reports after Plaintiff filed an inmate
20  grievance and (2) Plaintiff's allegations that Defendant Sedwick violated the Equal Protection Clause
21  of the Fourteenth Amendment by confiscating Plaintiff's black orthopedic shoes while other inmates
22  in his housing unit were allowed to possess the same black shoes.  (ECF No. 13, pp. 4, 6, 8-9.)

23        **2.   Relevant Appeals**

24        According to CDCR records, Plaintiff submitted only four inmate appeals while housed at
25  Pleasant Valley State Prison. (ECF No. 22-3, Declaration of J. Morgan at ¶ 4 and Exs. 1-4; ECF No.
26  22-4, Declaration of Lozano ("Lozano Dec.") at ¶ 3 and Exs. 1-4.)  None of those appeals concerned
27  Plaintiff's claim that Defendant Sedwick improperly confiscated his orthopedic shoes, while
28  permitting other inmates to possess similar shoes.  (Id.)   However, one of those four appeals,

4

1  designated as PVSP-11-00746, relates to Plaintiff's claim that Defendant Sedwick retaliated against
2  him. (Ex. 3 to Lozano Dec.) Plaintiff received a third and final level decision regarding PVSP-11-
3  00746 on December 19, 2011, after Plaintiff initiated the instant action.

4                               **b.      Discussion**

5           With regard to Plaintiff's Equal Protection claim, Defendant argues that Plaintiff did not
6  submit any appeal concerning the confiscation of his orthopedic shoes and therefore his Equal
7  Protection claim should be dismissed for failure to exhaust administrative remedies. Plaintiff did not
8  refute Defendant's argument and there is no indication that Plaintiff either filed or exhausted an
9  administrative appeal regarding the confiscation of his black orthopedic shoes. Accordingly, the Court
10 will recommend that Defendant's motion to dismiss Plaintiff's Equal Protection claim be granted.

11          With regard to Plaintiff's retaliation claim, Defendant admits that Plaintiff submitted an appeal
12 alleging that Defendant Sedwick retaliated against him, but argues that this claim should be dismissed
13 because Plaintiff did not exhaust the relevant appeal until after he initiated this lawsuit in July 2011.
14 According to the exhibits, Plaintiff submitted an appeal on May 4, 2011, designated as PVSP-11-
15 00746, in which he claimed that Defendant Sedwick wrote a frivolous RVR 115 in retaliation.
16 Plaintiff did not receive a third, or final level, decision until December 19, 2011, which was after he
17 initiated the instant action. (Ex. 3 to Lozano Dec.)

18          Plaintiff counters that he has exhausted his administrative remedies because his appeal,
19 designated as PVSP-10-01701, was granted on January 20, 2011, before he filed this lawsuit. Upon
20 review, this appeal alleges that on September 20, 2010, Defendant Sedwick searched Plaintiff's cell
21 because he failed to present his identification card the previous day. (Ex. 2 to Lozano Dec.) However,
22 the Court previously determined that Plaintiff's allegations regarding the September 20, 2010 search
23 failed to state a retaliation claim. (ECF No. 13, p. 4.) Further, this appeal was filed before the alleged
24 retaliatory searches and conduct at issue. (Ex. 2 to Lozano Dec.) The Court therefore finds that
25 Plaintiff did not exhaust the available administrative remedies regarding his retaliation claim prior to
26 initiating this action.

27
28

As discussed above, the Court finds that Plaintiff has not exhausted his administrative remedies regarding either his Equal Protection claim or his retaliation claim and will recommend that this action be dismissed in its entirety without prejudice.

## V. Conclusion and Order

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Defendant's motion to strike Plaintiff's surreply be GRANTED;
2. Defendant's motion to dismiss for failure to exhaust administrative remedies be GRANTED; and
3. This action be DISMISSED without prejudice for failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 23, 2013**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE